UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIAN A. WARREN,

        Plaintiff,                Case No. 1:20-cv-181

v.                                       Honorable Robert J. Jonker

SARAH SOULES LINCOLN et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Warren v. Miller et al.*, No. 1:96-cv-119 (W.D. Mich. Aug. 13, 1996); *Warren v. Gates et al.*, No. 1:02-cv-82 (W.D. Mich. Apr. 4, 2002);

2

*Warren v. Overton et al.*, No. 1:02-cv-917 (W.D. Mich. Jan. 7, 2003); *Warren v. Miller*, 4:03-cv-122 (W.D. Mich. Nov. 25, 2003); *Warren v. Walters et al.*, No. 2:04-cv-74876 (E.D. Mich. Feb. 10, 2005); *Warren v. Mich. Dep't of Corr.*, No. 1:05-cv-652 (W.D. Mich. Oct. 4, 2005); *Warren v. Xlibris Corp.*, No. 1:11-cv-200 (W.D. Mich. Jan. 30, 2012). Moreover, because of these dismissals, Plaintiff has been denied leave to proceed *in forma pauperis* for several cases. *See Warren v. Jackson et al.*, No. 05-cv-74883 (E.D. Mich. Feb. 15, 2006); *Warren v. Barnes*, No. 1:07-cv-1096 (W.D. Mich. Nov. 30, 2007); *Warren v. Patton et al.*, No. 1:10-cv-677 (W.D. Mich. Jul. 23, 2010).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff does not allege facts showing that he is in imminent danger. He suggests that his continued incarceration imposes some threat of danger, he specifically notes a stabbing incident that occurred on February 17, 2020. (Compl., ECF No. 1, PageID.13.) But, the stabbing apparently did not involve Plaintiff. Moreover, the Defendants he sues are the circuit court judges who presently serve in the county in which he was convicted 25 years ago, not individuals in the Michigan Department of Corrections to the extent those individuals are failing to protect him from harm in prison. Plaintiff's claims against the judges are that they are shutting him out for continuing to litigate challenges to his conviction. Plaintiff has failed to allege a credible imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not

pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.

Dated:  March 31, 2020        /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    CHIEF UNITED STATES DISTRICT JUDGE

**<u>SEND REMITTANCES TO THE FOLLOWING ADDRESS</u>**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**